UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
CHRISTOPHER E. BROWN,                  )
an individual,                         )
                                       )    CASE NO.:
            Plaintiff,                 )
vs.                                    )
                                       )
AMERISTAR CASINO                       )
EAST CHICAGO, LLC,                     )
an Indiana Limited Liability Company,  )
                                       )
            Defendant.                 )
_____)
```

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues AMERISTAR CASINO EAST CHICAGO, LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York.

4. Plaintiff, MR. BROWN, is a qualified individual with a disability under the ADA. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a

1

wheelchair. The condition also causes atrophy in his arms, hands, shoulders, and elbows, which makes it extremely difficult for him to reach for, grip, and manipulate objects.

5. Due to his disability, Plaintiff MR. BROWN is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Defendant, AMERISTAR CASINO EAST CHICAGO, LLC, (hereinafter referred to as "Ameristar" or "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Ameristar is the owner, lessee, and/or operator of the real property and improvements, a casino and hotel, which is the subject of this action, to wit: the "Property," known as Ameristar Casino Hotel East Chicago, generally located at 777 Ameristar Blvd., East Chicago, Indiana 46312. Ameristar is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Northern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property is a casino and hotel and is open to the public and provides goods and services to the public.

10. Plaintiff MR. BROWN visited the Property in August 2013 and attempted to utilize the facilities offered at the Property.

11. While at the property, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12.     MR. BROWN applied for and received a Players card, a card that offers complimentary items based on frequency of play, from Defendant because he continues to desire to visit the Property, but he also fears that he will continue to encounter serious difficulty due to the barriers discussed herein, which still exist.

13.     MR. BROWN has definite plans to and will visit the Property in May 2014 when he visits nearby Chicago to utilize the goods and services offered thereon.

14.     Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

    A.     Plaintiff encountered inaccessible parking designated as accessible due to failure to provide access aisles on levels three and four of the parking garage;

    B.     Plaintiff encountered inaccessible exterior routes due to an excessively steep curb, excessive slopes and failure to provide handrails on level three of the parking garage near the elevators;

    C.     Plaintiff encountered an inaccessible entrance due to excessively steep slopes without handrails on the second level of the parking garage;

    D.     Plaintiff encountered inaccessible interior routes due to a steep ramp leading into the casino near the slot machines;

    E.     Plaintiff encountered inaccessible interior routes due to excessively long slopes leading to the casino area near the Winners Square;

    F.  Plaintiff encountered inaccessible amenities, such as video poker games, due to excessive height at the bar; and

    G.  Plaintiff encountered inaccessible restrooms on the first and second floor of the casino due to mirrors mounted excessively high.

15. Defendant either does not have a policy to assist people with disabilities or refuse to enforce such a policy if it does exist.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

 A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

4

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**KU & MUSSMAN, P.A.**
*Attorneys for Plaintiff*
12250 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512

By:   */s/ Eric C. Bohnet*
**KU & MUSSMAN, P.A.**
*Attorney for Plaintiff*
Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana  46237
Tel: (317) 750-8503
ebohnet@gmail.com

5